## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENDRA E. THOMPSON,          )
                          )
             **Plaintiff,**     )
                          )   **CIVIL ACTION**
**v.**                       )
                          )   **No. 15-1035-JWL**
CAROLYN W. COLVIN,         )
**Acting Commissioner of Social Security,**   )
                          )
            **Defendant.**    )
_____ )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding no error, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g), AFFIRMING the Commissioner's decision.

## I.    Background

Plaintiff applied for DIB and SSI benefits, alleging disability beginning January 1, 2011.  (R. 14, 146, 152).  Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits.  Plaintiff argues that the

Administrative Law Judge (ALJ) erred at step two of her consideration in finding Plaintiff's coronary artery disease is not severe within the meaning of the Act, and the error is prejudicial to Plaintiff because the ALJ did not consider the effects of Plaintiff's coronary artery disease in the residual functional capacity (RFC) assessment.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

## II.    Discussion

Plaintiff points to record evidence regarding her coronary artery disease including

her testimony of shortness of breath and related symptoms, and notes that it was twice

recommended that she be given a pacemaker.  She argues that the ALJ erred in failing to

find this is a severe condition within the meaning of the Act because the ALJ overlooked

certain facts, erroneously relied on the opinion of a state agency physician who did not

have the benefit of medical records relating to her coronary artery disease, and

mischaracterized her treatment as conservative.  She argues that the ALJ's step two error

prejudiced her because the ALJ did not consider the effects of her heart condition in the

RFC assessment.  She argues that the RFC assessment "is silent on the issue of how [her]

cardiac condition played into [the] RFC assessment," and "cited only evidence related to

[her] carpal tunnel syndrome."  (Pl. Br. 10)  She argues that even "the ALJ's credibility

analysis focused on the credibility of [her] carpal tunnel syndrome complaints, not her

fatigue."  Id. at 11.

The Commissioner acknowledges that the ALJ found that Plaintiff's heart

condition is not severe within the meaning of the Act.  She points to Plaintiff's

acknowledgment that the ALJ found a severe combination of impairments at step two of

her evaluation and to Plaintiff's recognition that the real question in a case such as this is whether the ALJ properly accounted for limitations resulting from all of Plaintiff's impairments in assessing RFC.  She argues that the ALJ properly considered Plaintiff's heart condition and that Plaintiff's contrary argument merely asks the court to reweigh the evidence.

### A.      Standard for Evaluating the Severity of a Claimant's Impairments

An impairment is not considered severe if it does not significantly limit Plaintiff's ability to do basic work activities such as walking, standing, sitting, carrying, understanding simple instructions, responding appropriately to usual work situations, and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521, 416.921.  The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, a claimant must make only a "de minimis" showing.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities.  Williams, 844 F.2d 748, 751 (10th Cir. 1988).  However, she must show more than the mere presence of a condition or ailment.  Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe.  Hinkle, 132 F.3d at 1352.

As both Plaintiff and the Commissioner recognize, the court in <u>Brescia v. Astrue</u>, 287 F. App'x 626, 628-629 (10th Cir. 2008), held that once an ALJ has found that plaintiff has at least one severe impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  Again, in <u>Hill v. Astrue</u>, 289 F. App'x. 289, 291-292, (10th Cir. 2008), the court held that the failure to find at step two that additional impairments are also severe is not in itself cause for reversal so long as the ALJ, in determining plaintiff's RFC, considers the effects "of <u>all</u> of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"

**B.** **Analysis**

The ALJ determined that Plaintiff's heart condition is not a severe impairment within the meaning of the Act (R. 17), and that Plaintiff has the residual functional capacity to perform a range of light work limited to only occasional fingering bilaterally, and by the necessity to avoid excessive vibration.  (R. 19).  As the parties agree, the question then becomes whether the ALJ adequately considered the effects of Plaintiff's heart condition in assessing RFC.

At her step two analysis, the ALJ specifically considered Plaintiff's coronary artery disease and hypertension, summarized the record evidence regarding those impairments, and found they are not severe within the meaning of the Act:

The record also shows the claimant has received treatment for diabetes, coronary artery disease, hypertension, hypothyroidism, minimal degenerative changes of the right knee and alleged kidney problems (Exs. 4F, 7F, 8F).  However, no treating or examining source noted clinical signs of any limitations related to these impairments; nor did the State agency physicians indicate any limitations related to these impairments.  There is no indication in the record that the claimant required anything more than conservative treatment.  Objective tests show the claimant's heart had an ejection fraction of 65% and a normal left ventricle end diastolic pressure (Exs. 7F, 8F/121).  The claimant's hypertension appears to be controlled when she takes her medication (Ex. 8F/95).  The record also shows the claimant had a single point cane, but was full weight bearing (Exs. 2F/2, 8F/4, 8F/59).  By February 2013, a treating nurse noted that no limitations of range of motion or gross abnormality could be palpated or seen (Ex. 8F/61).  As such, I find that these impairments are not severe impairments as defined in 20 CFR 404.1520(c), 416.920(c), and SSRs [(Soc. Sec. Rulings)] 85-28 and 96-3p, in that they do not cause more than a minimal limitation of physical or mental ability to do basic work activities (20 CFR 404.1520(c) and 416.920(c)).

(R. 17).

In her RFC analysis, the ALJ specifically considered the credibility of Plaintiff's allegations of symptoms resulting from her heart condition.  (R. 19-20).  She recognized that Plaintiff testified that she has heart problems, that she gets shortness of breath when she walks, that she can only lift one gallon of milk, her son does her lifting for her, she can walk less than a block, can stand for only one to two minutes, and sit for five minutes. (R. 19).  She noted that among other inconsistencies she observed at the hearing, Plaintiff sat for longer than five minutes.  (R. 20).  She specifically found "very little in the record to indicate what work-related functional limitations [Plaintiff] has."  Id.  She found Plaintiff's allegations "are not entirely credible."  Id.

Plaintiff's argument that the "decision is silent on the issue of how [Ms.] Thompson's cardiac condition played into her RFC assessment," is belied by the discussion above.  Although the ALJ discussed Plaintiff's carpal tunnel syndrome, she did not focus on it exclusively.  Morever, her credibility analysis did not focus only on the allegation of symptoms resulting from carpal tunnel syndrome.  The ALJ clearly considered Plaintiff's heart condition when assessing RFC, and Plaintiff does not point to record evidence which <u>precludes</u> the RFC assessed, or which <u>requires</u> additional limitations.  The ALJ determined that Plaintiff's allegations are not credible, and her appeal to symptoms she reported does not require a different finding.  And, as the Commissioner points out, the court may not reweigh the evidence and displace the agency's choice between two fairly conflicting views of that evidence.  <u>Lax</u>, 489 F.3d at 1084; <u>see also</u>, <u>Consolo v. Fed. Maritime Comm'n</u>, 383 U.S. 607, 620 (1966).

Plaintiff has shown no error in the Commissioner's decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g), AFFIRMING the Commissioner's decision.

Dated this 5th  day of November 2015, at Kansas City, Kansas.


s:/ John W. Lungstrum_____
**John W. Lungstrum**
**United States District Judge**

8